UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT L. EVANS,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANSCISCAN HEALTH SYSTEMS,<br><br>    Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621**<br><br>**JURY TRIAL DEMANDED** |

Comes now the plaintiff Dr. Robert Evans and asserts claims for damages against his former employer Franciscan Health Systems for violation of the ADEA and for retaliation.

**I.   PARTIES**

1.   Plaintiff Dr. Robert Evans is a resident of Pierce County in the State of Washington. He is a licensed medical doctor who has had a long career serving patients in Washington State. He was employed by Franciscan Health System until his employment was illegally terminated on or around January 24, 2013. Dr. Evans was 66 years old when he was wrongfully terminated by the defendant.

**COMPLAINT FOR DAMAGES**   1

CARLSON LEGAL
100 W. Harrison Street, N440
Seattle, WA  98119
(206) 445-0214
(206) 260-2486 FAX

2. Defendant Franciscan Health System ("FHS") is a corporation based in Tacoma, Washington and doing business in the Western District of Washington. It is a non-profit medical conglomerate that includes six full service hospitals. FHS has well more than 20 employees and it conducts business that affects interstate commerce.

## II.   JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because claims are brought under federal law. Dr. Evans previously presented these allegations to the EEOC in a formal complaint, and has received a right to sue letter from the EEOC. Therefore, his claims are properly exhausted and he has filed this Complaint timely. Venue is proper in Tacoma because the defendant resides in Tacoma and because the facts giving rise to the Complaint took place in Tacoma.

## III.   NOTICE PLEADING OF FACTUAL ALLEGATIONS

4. Dr. Robert Evans began full time employment by FHS in June, 2000, and he remained so employed though January, 2013. At the time of his termination, he was employed full time as an Internist/Hospitalist. He had a lengthy and successful term working as a physician for FHS, with no significant problems or issues with his employment despite having one of the most demanding positions on the hospitalist service as a perennial night doctor. At the time of his termination, he had a base salary of approximately $200,000. With overtime and other incentives, he was earning approximately $260,000 per year.

5. On January 24, 2013, Dr. Evans was summoned to a meeting with Dr. Michael Kelly, an Interim Medical Director, and Mr. Ed Lopez, PA, an Assistant Director. Ms. Jill Karon-Ross, a human resources official, was also present at this meeting. At this meeting, Mr. Kelly suddenly announced that Mr. Evan's employment with FHS was being terminated. There

**COMPLAINT FOR DAMAGES**         2

had been no warning of this. Dr. Evans was told by Dr. Kelly that it would be in Dr. Evans' career interest to submit a letter of resignation in the near term.

6. At the January 24, 2013, meeting, Dr. Evans was told that his termination was based, at least in part, upon a recent patient complaint in which it was alleged that Dr. Evans had physically assaulted a patient during an emergency room examination. This allegation was made by Mr. Lopez, who had been tasked with investigating a complaint from a patient evaluated by Dr. Evans on the night of January 1 of 2013. Dr. Evans recalled a routine and uneventful interaction with this patient, and felt that this was an attempt to bully him into leaving his employment quietly without complaint or opposition. Dr. Evans was offered 90 day's notice, and was told that his termination would be effective at the end of those 90 days. He was therefore scheduled to continue to practice medicine and remain on staff until April 24, 2013 or thereabouts.

7. At this meeting, no documentary evidence was provided or shown to Dr. Evans to back up the existence or the substance of any referenced complaint, including the alleged patient complaint of assault. Accordingly, shortly thereafter Dr. Evans requested a copy of his personnel file and a copy of any relevant complaints against him. Dr. Evans had a clear right to review these materials, pursuant to RCW 49.12.250. FHS repeatedly refused to provide these materials to Dr. Evans despite repeated written requests. Despite FHS's persistent refusal, Dr. Evans continued to report to work as scheduled and diligently perform his medical practice.

8. A second meeting was scheduled for March 11, 2013 to discuss Dr. Evans' employment situation. Between the January 24 meeting and this March 11 meeting, despite repeated written requests, FHS continued to refuse to provide Dr. Evans with a copy of his personnel file or materials from it. He was therefore denied an opportunity to review any

alleged complaints against him, or the basis for his sudden termination.  This violated Washington's law governing access to personnel files, RCW 49.12.250.

9. At the March 11 meeting, Mr. Lopez, who had succeeded Dr. Kelly as interim director, made reference to an additional alleged complaint, from a party that was never identified.  Dr. Evans was provided no concrete information and no documents related to this alleged complaint.  Also at the March 11 meeting, Dr. Evans was shown, but was not provided with, a copy of the alleged patient complaint of "assault."

10. After the March 11, 2013 meeting, the undersigned counsel wrote to FHS, demanding on Dr. Evan's behalf the production of his personnel file.  This letter made clear to FHS that Dr. Evans was complaining that his termination was discriminatory, that he opposed his termination, and that he intended to pursue available legal remedies available to him under state and federal law.

11. In response to this demand letter, and Dr. Evan's indication that he would need to receive a copy of his personnel file before meeting again with FHS leadership, FHS retaliated against Dr. Evans by suddenly barring him from continuing to practice.  FHS therefore repudiated its previous agreement to allow Dr. Evans to continue his medical practice until April 24, 2013 and barred him from further practice.  This was a retaliatory act, prohibiting Dr. Evans from practicing medicine as he had for the last 12 years, and barring him from the availability of any overtime or other incentive pay during his remaining expected term of employment.

12. After retaliating against Dr. Evans by barring him from further practice, FHS finally provided a copy of his personnel file, including materials related to the alleged complaint of assault.  A review of this material makes clear that the allegation of a patient complaint of

**COMPLAINT FOR DAMAGES**             4

CARLSON LEGAL
100 W. Harrison Street, N440
Seattle, WA  98119
(206) 445-0214
(206) 260-2486 FAX

assault was entirely fabricated and false. The available documents make clear that this patient never complained about or alleged an assault by Dr. Evans. Dr. Evans concluded that the allegation of assault was made as a threat to harm to his career if he exercised his right to object to his sudden termination.

## IV.   CAUSES OF ACTION

### A.   Discrimination under the ADEA

13. The acts complained of above constitute age discrimination in violation of federal law, namely the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

14. The reasons given for Dr. Evans' termination were pre-textual and false, evidencing a discriminatory motive in terminating his employment. On information and belief, the real reason for the adverse employment decision terminating Dr. Evans was his more advanced age and seniority, leading the defendant to decide to terminate him as a cost cutting measure in favor of younger, less senior employees with a lower cost profile.

15. Dr. Evans has been harmed by this wrongful termination and is entitled to recover damages for the loss of present and future wages, loss of benefits, harm to his career, emotional distress, and other special and compensatory damages.

### B.   Retaliation

16. Dr. Evans complained to his employer in writing of illegal employment actions, made clear that he was opposing such actions, and indicated that he would seek to vindicate his rights. This was protected activity under federal law.

17. In response to this protected employment activity, FHS barred Dr. Evans from any further medical practice, thereby imposing a significant adverse employment action that

**COMPLAINT FOR DAMAGES**                5

CARLSON LEGAL
100 W. Harrison Street, N440
Seattle, WA  98119
(206) 445-0214
(206) 260-2486 FAX

was casually related to Dr. Evan's complaint and opposition. Dr. Evans was harmed by this retaliation.

### C. Violation of Washington's Law on Access to Personnel Files

18. Dr. Evans repeatedly sought access to his personnel file as is his right under Washington law, RCW 49.12.250.

19. FHS refused to timely provide Dr. Evans access to his personnel file during a period when he was trying to evaluate his legal options and status after having been summarily and wrongfully terminated by FHS. This caused harm to Dr. Evans for which he should be compensated.

### PRAYER FOR RELIEF

20. Based on the above, Dr. Evans prays for a finding of liability against the defendant, and the recovery of:

    a. Compensatory and special damages, such as lost past, present and future wages, loss of benefits, harm to his career, emotional distress, and other available compensatory and special damages;

    b. For a recovery of attorney fees and costs;

    c. For a jury trial of all issues so triable;

    d. For any other relief that the Court deems just and equitable.

Dated: October 14, 2013                                                    Respectfully submitted,

_____
Jay S. Carlson, WSBA No. 30411
Carlson Legal
Attorney for Plaintiff Robert L. Evans